IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Lamont Blanding,<br>*aka Gregory L. Blanding*,<br><br>        Petitioner,<br>v.<br><br>Leroy Cartledge, Warden,<br><br>        Respondent. | C/A No. 0:09-0077-GRA-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Gregory Lamont Blanding, proceeding *pro se*, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 22, 2009, the respondent filed a motion for summary judgment. (Docket Entry 30.) By order of this court filed June 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (Docket Entry 32.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the petitioner failed to respond to the motion. As the petitioner is proceeding *pro se*, the court filed a second order on July 31, 2009, advising the petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fifteen (15) days in which to file his response to the respondent's motion for summary judgment. (Docket Entry 37.) The petitioner was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Despite this second warning, the petitioner still did not respond. Therefore, the petitioner meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.  See Davis, 558 F.2d at 70; Fed. R. Civ. P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (magistrate judge's prior explicit warning that a recommendation of dismissal would result from the petitioner failing to obey his order was proper grounds for the district court to dismiss the suit when the petitioner did not comply despite the warning).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 24, 2009
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

---

[1] He is personally responsible for proceeding in a dilatory fashion, the respondents are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).