IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gregory Lamont Blanding, #298927 *aka Gregory L. Blanding* | ) ) ) ) | Civil Action No.: 0:09-cv-0077-GRA |
| Petitioner, | ) ) | **Order** |
| vs. | ) ) | |
| Leroy Cartledge, Warden | ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the Court to review Magistrate Judge Gossett's Report and Recommendation, filed on August 24, 2009. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff's initial complaint was filed on January 14, 2009. On June 22, 2009, Defendant filed a Motion for Summary Judgement. On June 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979), the magistrate advised Plaintiff of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, Plaintiff chose not to respond to the motion. As Plaintiff is proceeding *pro se*, the magistrate filed a second order on July 31, 2009, giving Plaintiff fifteen (15) days, to file his response to the Motion for Summary Judgement. Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. Plaintiff elected not to

respond. The magistrate recommends dismissing with prejudice the action for lack of prosecution.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner has made no objections to the magistrate's Report and Recommendation.

**Conclusion**

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT Defendant's Motion for Summary Judgement is GRANTED, and the instant case is DISMISSED pursuant to Rule 41(b) with prejudice.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
September   21  , 2009

**NOTICE OF RIGHT TO APPEAL**
Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**